JACKSON v. GILBERT.

4-9053                                            226 S. W. 2d 59

Opinion delivered January 23, 1950.

502

*Warner & Warner,* for appellant.

*Bland, Kincannon & Bethell,* for appellee.

GEORGE ROSE SMITH, J.   On January 1, 1948, H. M. Shelby leased thirty-seven acres of land to the appellee for coal mining purposes.   On December 17 of that year the appellant bought the land from Shelby and later filed this suit to cancel the lease.   The chancellor's denial of relief led to this appeal.

Various grounds for cancellation are presented by the appellant, the first being that the description of the land is void for indefiniteness.  Although the lease, as reformed below, contains a valid description of the property, a subsequent provision of the lease reads: "This contract is to cover only such parts of the above described land as the preliminary drilling shows can be profitably worked. . . ."  It is contended that the latter provision renders the description void for uncertainty, but the fallacy in that view is that the later clause was not intended to be a description.  The next succeeding paragraph requires the lessee to begin test drilling within six months.  When read together these two clauses constitute not a description but a contractual provision binding the lessee to explore the thirty-seven acres and to confine his mining operations, with their attendant inconvenience to the lessor, to those areas that can be worked with profit.  We see no objection to such an agreement; in fact we enforced a similar covenant in *Lawhon* v. *American Cyanamid & Chem. Co., ante,* p. 23, 223 S. W. 2d 806, decided October 31, 1949.

It is contended by the appellant that the lessee failed to begin the drilling of test holes within six months, as the lease requires.  It is shown, however, that the appel-

lee sank three test holes in May and June, and it may be inferred that additional information about the location of the coal was derived from examination of an old mining pit on the premises. We think the testimony supports the chancellor's conclusion that the appellee sufficiently performed his duty to begin exploration within six months.

The appellant alleges the violation of a provision requiring the lessee to begin the establishment of a plant within the first year. It is shown that the appellee began stripping overburden with a bulldozer on December 21 and removed four tons of coal on December 23. He then decided that the bulldozer was not suitable, and a dragline was brought in on December 30. The appellee has exposed from 70 to 100 tons of coal and has dug a pit of substantial dimensions. Tool boxes, dragline covers and sheds have been installed. The lease does not define the "plant" that is to be established. We think the requirement is met by the installation of such machinery and equipment as are appropriate to the development of the leasehold. The lease itself permits the lessee to remove the top vein of coal "by the steam shovel process or other equally good processes." We agree with the trial court's view that the appellee is not shown to have violated this covenant.

Finally, it is urged that the lessee has not fulfilled his implied obligation to continue development so that the appellant may receive the royalties that are the chief inducement for a lease of this kind. See *Mansfield Gas Co.* v. *Alexander,* 97 Ark. 167, 133 S. W. 837. The lease gave the lessee a full year in which to begin operations; so any breach of the implied covenant must be found to have occurred after December 31, 1948. The appellee testified that he was continuing his stripping operations in the early days of January. The appellant filed suit in the federal court on January 6, but that suit was later dismissed and the present one instituted on February 17. As the duty of development is suspended during the pendency of the lessor's suit to cancel the lease, *Winn* v. *Collins,* 207 Ark. 946, 183 S. W. 2d 593, no violation of

the implied covenant in question can be said to have yet occurred.

Affirmed.